INLAND STEEL COMPANY, Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent,

and

Keith Anwar, Intervenor.

No. 82-2707.

United States Court of Appeals, Seventh Circuit.

Argued June 6, 1983.

Decided Aug. 24, 1983.

Opinion Oct. 14, 1983.

Arthur B. Smith, Jr., Vedder, Price, Kaufman & Kammholz, Chicago, Ill., for petitioner.

Paul J. Spielberg, Elliott Moore-NLRB, Washington, D.C., for respondent.

Before BAUER, FLAUM, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.

PER CURIAM.

The issue in this case is whether an express no-strike provision in a collective bargaining agreement precludes an employee from engaging in a sympathy strike. We hold that, under the circumstances of this case, it does.

Keith Anwar, a member of Local 1010 of the United Steelworkers of America, worked for Inland Steel Company. During his employment he was covered by a collective bargaining agreement between Inland Steel and Local 1010. Article 4 of this agreement contained a broad no-strike provision, providing that "[t]he Union agrees that neither it nor its officers, agents, representatives, or members will authorize, instigate, cause, aid, sanction or take part in any strike, work stoppage, sit-down, stay-in, slowdown, or other interruption or impeding of work." Article 7 authorizes an arbitrator "to interpret, apply or determine compliance with the provisions of this Agreement."

A little more than a year after Anwar began working for Inland Steel, employees represented by a sister local, Local 8180 of the United Steelworkers of America, went on strike, organizing a picket line outside one of the Inland Steel plants. The parties agree. Local 8180's strike was protected activity under the National Labor Relations Act.

Anwar notified his supervisor that he would honor the picket line and, accordingly, did not report for work. The Company responded by notifying Anwar that his absence was not excused and that he would be suspended unless he reported for work within five days. Anwar ignored the warning and ultimately was discharged for violating the collective bargaining agreement. He protested his discharge according to the grievance and arbitration procedures outlined in the collective bargaining agreement. The Company upheld the suspension and discharge according to the grievance procedure; the Arbitrator also upheld the suspension and discharge.

Despite the Arbitrator's decision, the National Labor Relations Board's Regional Office issued a complaint against Inland Steel charging that the suspension and discharge constituted unfair labor practices. After a full hearing the Administrative Law Judge concluded that the Arbitrator's decision "ignore[d] a long line of Board and court precedent," and was "repugnant to the purpose and policies of the Act," *Inland Steel Company and Keith Anwar,* Case No. 13–CA–18759 (Jan. 29, 1982) at 19 (citing *NLRB v. Gould, Inc.,* 638 F.2d 159 (10th Cir.1980)). For these reasons, she held that deferral to the arbitration award was not warranted and ordered the Company to reinstate Anwar, compensate him for any lost wages and expunge any reference to his suspension and discharge from his record. In a 3–2 decision, the Board affirmed. Inland Steel then sought review in this court; the Board filed a cross-application for enforcement.

Inland Steel asserts that the Board's decision is arbitrary and unreasonable because it overzealously protects the rights of employees at the expense of the employer. It emphasizes that stranger picketing occurs at its plant several times per year and contends that if sympathy strikes are permitted, large segments of its operations will frequently be disrupted until disputes over which neither Company nor the Union rep-

resenting the sympathy strikers has any control are settled. Thus, Inland Steel complains, it will be confronted with continual work stoppages even though it purposely negotiated a no-strike clause to prevent such interruptions in production.

In urging this court to deny enforcement, Inland Steel raises three arguments. First, it asserts that as a matter of law, the collective bargaining agreement bars sympathy strikes. Next, it maintains that the Board abused its discretion in failing to defer to the Arbitrator's award. Finally, it contends that Anwar's activity was unprotected by the Act and, therefore, his discharge did not violate the Act. Because we find that the collective bargaining agreement bars sympathy strikes, we need not consider Inland Steel's other arguments.

This court has recently interpreted an express no-strike clause in a collective bargaining agreement, very similar to the agreement in this case, as an absolute bar to sympathy strikes. *United States Steel Corp. v. NLRB*, 711 F.2d 772 (7th Cir.1983). There, as here, the issue was whether the sympathy striker was lawfully suspended for violating the broad no-strike clause in his collective bargaining agreement. There, as here, the no-strike clause and the arbitration clause appeared in different sections of the collective bargaining agreement under unrelated topical headings. There, as here, the language of the no-strike clause was not limited to arbitrable disputes. Finally, there, as here, the stated purpose of the agreement was to promote cooperation in order to improve productivity and insure employment security as well as company profits. The *United States Steel Corp.* court concluded that the Union agreed not to strike in order to assure the Company of the production and continuity of operations necessary for effective competition with the expectation that this would ultimately redound to the benefit of the Union and its members. Thus, the court held that "where a broad no-strike clause is functionally independent of an arbitration clause in a labor contract and the contract shows that the no-strike obligation was not given merely in exchange for the duty to arbitrate but because of the parties' common interest in

achieving uninterrupted plant operations, the no-strike clause constitutes a clear and unmistakable waiver of an employee's right to engage in a sympathy strike." At 780. The *United States Steel Corp.* holding clearly controls this case. Accordingly, Inland Steel's petition for review is granted and the Board's application for enforcement must be denied.

ENFORCEMENT DENIED.

FAIRCHILD, Senior Circuit Judge, concurring.

I concur in denial of enforcement. I would hold that NLRB failed to give sufficient deference to the arbitrator's interpretation of the contract, but would not independently construe the contract as was done in *United States Steel Corp.*